## Jellico Coal Mining Company v. Gothard.

(Decided November 27, 1914.)

Appeal from Whitley Circuit Court.

Personal Injuries—Negligence—Mines.—A track layer who pushes a car out of a room neck and leaves it so that cars passing along

the entry will strike it, knowing the danger, and without giving notice of to any one, can not recover for an injury received by reason of the car being struck, although the driver might have seen the car, had he been looking; the negligence of the plaintiff being the proximate cause of the injury.

TYE, SILER & GATLIFF for appellant.

R. S. ROSE and R. L. POPE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

James A. Gothard was a track layer in the mine of the Jellico Coal Mining Company and had been for over twenty years in its employ. In April, 1913, he was directed by the foreman to lay car track in a room neck on the ninth left entry. He went to the room neck and when he got there he found a car loaded with slate standing in the room neck, and, in order to do the work, he had to move the car back about eight inches so that he could join the rails. He and a man named Murphy, a miner at work there, pushed the car back towards the entry, and he went to laying the track. While he was doing this a driver came along the entry, pulling a lot of cars with a mule. These cars struck against the car which he had pushed back, causing it to roll down on Gothard, who was working on the track with his back to it, inflicting on him personal injuries, to recover for which he brought this suit against the company. In the circuit court he recovered a judgment for $250.00. The defendant appeals.

The only question we deem it necessary to consider is, whether the court should have peremptorily instructed the jury to find for the defendant. The entry was in constant use in hauling the cars in and out of the mine. Both of them knew this, and knew that the cars would be coming along in a few minutes, but say that the driver came along a little quicker than they expected. When Gothard got there the car was in the room neck and clear of the main track and there would have been no trouble if he had not moved it back. Put in narrative form, his testimony is as follows:

"I just noticed that the car was clear when I went there; I do not know whether we pushed it up to where it would not clear, I did not look to see; I know now it did not clear because the driver struck it. The driver came along in about five minutes; I had not given him

notice that I had put the car where it would not clear; I had not given notice to any one. No one except me and Murphy knew that we had pushed the car up on that track out of the room neck so it would not clear. I knew they were hauling up and down the entry. I did not place out any light to show that the car could not be passed."

Murphy stated that he thought the car was in the way, but they did not have but a few minutes' work to do, and they thought they would get it back before the driver came along, but he came a little quicker than they expected.

The driver stated that he did not see the car until his car struck it; that if he had been looking, he might have seen it, but he was talking to a man sitting by him, and was not expecting the car in his way.

On this evidence it is clear that Gothard and Murphy pushed the car back to a point where it did not clear the main track; the driver, coming along a little sooner than they expected, struck the car, and that they took the chance of doing the work before the driver got there, without giving any notice of the danger which they had created. The proximate cause of Gothard's injury was his own negligence in taking the risk of doing the work, without pushing the car up out of the way before the driver came along, or taking other precautions to prevent trouble. The driver, not having notice of the danger, was not required as to Gothard to be on the outlook for it, and his failure to see it gives Gothard no right of action. Gothard had created the danger without notice to any one, and, after creating it, had failed to take proper precautions for his own safety, as he could have done by putting out a light, or in some other way give warning of the danger. Under the facts, the court should have instructed the jury to find for the defendant.

Judgment reversed and cause remanded for further proceedings consistent herewith.